IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ASHLEY N. WILLIAMS                                                           PLAINTIFF

vs.                          Civil No. 2:18-cv-02131

NANCY BERRYHILL                                                       DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *see* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed her disability application for SSI on November 21, 2012. (Tr. 275). In her application, Plaintiff alleges being disabled due to sweaty hands. (Tr. 147). Plaintiff alleges an onset date of November 21, 2012. *Id.* This application was denied initially and again upon reconsideration. (Tr. 51-67).

1

Thereafter, Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 79-81). Plaintiff's initial administrative hearing was held on September 13, 2013. (Tr. 24-50). After this hearing, on April 8, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI. (Tr. 9-23). Plaintiff appealed this decision and on September 20, 2016, this Court remanded the case ordering the Commissioner to conduct a proper credibility analysis, to develop the record regarding Plaintiff's hyperhidrosis impairment, and to clarify whether the ALJ incorporated Plaintiff's borderline intellectual functioning into Plaintiff's RFC. (Tr. 377-390).

Following remand, Plaintiff had a second administrative hearing on February 21, 2017. (Tr. 292-323). Plaintiff was present and was represented by her attorney, Matthew Ketcham. *Id.* Plaintiff and Vocational Expert ("VE") Deborah Steele testified at this hearing. *Id.* At this hearing, Plaintiff testified she was twenty-five (25) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c). (Tr. 295). As for her level of education, Plaintiff reported she completed the tenth grade. (Tr. 296).

After this hearing, on March 30, 2018, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI. (Tr. 275-287). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 21, 2012, her application date. (Tr. 277, Finding 1). The ALJ determined Plaintiff had the following severe impairments: anxiety, depression, and sweaty hands. (Tr. 277, Finding 2). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 278, Finding 3).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 280-285,

Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, except can frequently finger and handle bilaterally; is limited to simple, routine repetitive tasks in a setting where interpersonal contact is incidental to the work performed; and can respond to supervision that is simple, direct, and concrete. *Id.*

The ALJ determined Plaintiff had no Past Relevant Work ("PRW"). (Tr. 286, Finding 5). The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 286, Finding 9). The ALJ based this determination upon the testimony of the VE. (Tr. 490-493). Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as housekeeping with approximately 380,000 such jobs in the nation, injection molding machine tender with approximately 40,000 such jobs in the nation, and courier with approximately 116,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, since November 21, 2012. (Tr. 287, Finding 10).

On July 30, 2018, Plaintiff filed the present appeal with this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 31, 2018. ECF No. 7. Both parties have filed appeal briefs. ECF Nos. 16, 17. This case is now ready for decision.

**2.** **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the

Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

given his or her age, education, and experience. 20 C.F.R. § 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *see McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920(a)(4)(v).

**3.      Discussion:**

In her appeal brief, Plaintiff raises several arguments for reversal including: (1) the ALJ erred in failing to develop the record, (2) the ALJ erred in the RFC determination, and (3) the ALJ failed to make a proper credibility analysis. (ECF No. 16). Upon review of these claims, the Court agrees with Plaintiff's argument that the ALJ failed to develop the record and failed to follow this Court's Order of remand.

In this Court's previous Memorandum Opinion, (Tr. 377-389) it was determined the ALJ failed to fully and fairly develop the record with regard to Plaintiff's hyperhidrosis impairment and her inability to acquire indigent or low cost healthcare. *Id.* As such, the case was reversed and remanded. *Id.*

Because it was found that the record was underdeveloped with regard to the limitations imposed by Plaintiff's hyperhidrosis impairment, on remand, the ALJ was ordered to obtain a consultative dermatology examination complete with an RFC assessment. (Tr. 383-386). Additionally, because the record was underdeveloped with regard to Plaintiff's inability to acquire indigent or low cost healthcare, the ALJ was ordered to further develop the record with regard to same and reassess the weight given to Plaintiff's lack of treatment and medication history articulating any reasons Plaintiff's access to healthcare supports or detracts from her claim of total

5

disability. *Id.* The ALJ failed to do either on remand.

According to the ALJ decision, he "endeavored" to obtain a dermatology examination, however, none was available. (Tr. 275). The record contains a report which indicates that the Disability Determination Services ("DDS") notified the ALJ that the Social Security Administration does not have a contracted dermatologist to send Plaintiff to for a consultative examination. (Tr. 478). This excuse has no merit.

It is clear that the ALJ has still failed to fully and fairly develop the record as was set forth previously by this Court. As such, this case is reversed and remanded.

## 4. **Conclusion:**

Because the record was again underdeveloped with regard to Plaintiff's inability to acquire indigent or low cost healthcare, the ALJ is ordered to further develop the record with regard to same and reassess the weight given to Plaintiff's lack of treatment and medication history articulating any reasons Plaintiff's access to healthcare supports or detracts from her claim of total disability.

Because the record was underdeveloped with regard to the limitations imposed by Plaintiff's hyperhidrosis impairment, the ALJ is ordered to obtain a consultative dermatology examination complete with an RFC assessment. The ALJ should ask specific questions concerning the impact of Plaintiff's hyperhidrosis impairment, if any, on her ability to carry, handle, hold, and finger objects. The ALJ shall also ask specific questions concerning environmental restrictions, if any, which may aggravate her impairments or cause any increased health risk to herself or others. The ALJ shall then reassess whether Plaintiff's hyperhidrosis impairment, alone or in combination with her other impairments, significantly limits her physical or mental ability to do basic work activities and, if so, whether the impairment or combination of impairments is of a severity to meet or

medically equal the criteria of an impairment in the Listings.

With this evidence, the ALJ shall then re-evaluate Plaintiff's RFC and include any limitations supported by the record in a hypothetical question posed to a vocational expert to determine whether Plaintiff can perform jobs that exist in significant numbers in the national economy.

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of May 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE